IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:20-CV-55-M

| | | |
|---|---|---|
| CHURCH MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | ORDER |
| LAKE POINTE ASSISTED LIVING, INC., *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff Church Mutual Insurance Company's motion for a stay of discovery. [DE-42]. The Lake Pointe Defendants (Lake Pointe Assisted Living, Inc., Tony Bigler, and Edith Bigler) and the Resident Defendants (Laura Wise, Administrator of the Estate of Martha Reinert, Barbara Fox Parker, and Jerry Singletary) filed responses in opposition to the motion. [DE-53, -54]. For the reasons that follow, the motion is allowed in part and denied in part.

I. **Background**

Church Mutual brought this declaratory judgment action to determine whether it is obligated to defend and indemnify Lake Point Assisted Living and its owners the Biglers in a separate lawsuit brought by the Resident Defendants that is currently being litigated in Craven County Superior Court ("Underlying Lawsuit"). The Lake Point Defendants have asserted counterclaims for declaratory judgment, breach of contract, unfair claims/trade practices, and breach of the covenant of good faith. The Resident Defendants have asserted counterclaims for declaratory judgment and unfair claims/trade practices. The court determined that Church Mutual

has a duty to defend all claims asserted against the Lake Pointe Defendants in the Underlying Lawsuit,[1] deferred ruling on the question of indemnity because it was not ripe, and dismissed the Resident Defendants' counterclaim for unfair claims/trade practices for lack of standing. *See* Feb. 5, 2021 Order [DE-36] at 1, 4, 20–23. The court entered a scheduling order on March 23, 2021, [DE-41], and on April 6, Church Mutual filed the instant motion to stay, [DE-42].

## II. Discussion

Church Mutual asks the court to stay all discovery until the conclusion of the Underlying Lawsuit to promote the interests of judicial economy by avoiding inconsistent rulings, to avoid the waste of judicial resources, and to avoid the potential for the parties to incur unnecessary expenses. Pl.'s Mem. [DE-43] at 5. Church Mutual contends that the issue of its duty to indemnify is not ripe until the Lake Point Defendants' liability is determined in the Underlying Lawsuit, the Lake Pointe Defendants' counterclaims will become moot if the Underlying Lawsuit does not result in a judgment against them or indemnity coverage is not available, and discovery requests served by the Lake Pointe Defendants and Resident Defendants regarding the unfair claims practices and breach of covenant of good faith seek potentially privileged information, the disclosure of which would unfairly prejudice the defense Church Mutual is providing in the Underlying Lawsuit. *Id.* at 5–8. Alternatively, Church Mutual asks the court to allow discovery only on three "coverage issues": (1) who made a claim during the policy period of the insurance policies issued by Church Mutual to Lake Pointe so as to be potentially eligible for coverage, (2) the availability of an extended reporting period under the Professional Liability Coverage, and (3) the total applicable limit of liability potentially available under the insurance policies. *Id.* at 7; Pl.'s Mot. [DE-42] at

---

[1] Church Mutual has since filed a motion to certify the court's order on the duty to defend as final and appealable. [DE-46].

2. Church Mutual contends that proceeding on these issues could facilitate resolution of both this action and the Underlying Lawsuit. Pl.'s Mem. [DE-43] at 5.

The Lake Pointe Defendants contend that they require certain damage evaluation information from Church Mutual, information that is neither privileged nor related to the duty to indemnify, in order to assess their exposure and to respond to settlement demands. Lake Pointe Defs.' Mem. [DE-53] at 5. The Lake Pointe Defendants also argue that their counterclaims are not wholly dependent on resolution of the duty to indemnify issue; that Church Mutual's concerns regarding sensitive information can be addressed through a privilege log, protective order, or redaction; and that further delay in discovery may impinge on the discoverability of information and prejudice the Lake Pointe Defendants. *Id.* at 5–6. The Resident Defendants oppose the stay as to issues bearing on insurance coverage and argue that issues such as the amount of coverage available impact both this case and the Underlying Lawsuit. Resident Defs.' Mem. [DE-54] at 4. The Resident Defendants deny utilizing discovery in this case to seek Church Mutual's claim file and contend the information sought is related to coverage. *Id.* at 5–6.

It is within the court's inherent authority to issue a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). In exercising this discretion, the court must "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). Courts generally consider three factors: (1) "the interests of judicial

3

economy," (2) the "hardship and equity to the moving party" in the absence of a stay, and (3) the "potential prejudice to the non-moving party" in the event of a stay. *See Van Laningham v. Allied Ins.*, No. 1:16-CV-948, 2018 WL 11238908, at *2 (M.D.N.C. Mar. 15, 2018) (quoting *White v. Ally Fin., Inc.*, 969 F. Supp. 2d 451, 462 (S.D.W. Va. 2013)).

This court, in ruling on Church Mutual's motion for judgment on the pleadings, determined that the issue of Church Mutual's duty to indemnify "is a question that is not yet ripe for adjudication." *Church Mut. Ins. Co. v. Lake Pointe Assisted Living, Inc.*, No. 4:20-CV-00055-M, 2021 WL 406597, at *4 (E.D.N.C. Feb. 5, 2021) (citing *Old Republic Ins. Co. v. C&G Express Trucking, LLC*, No. 5:20-CV-00082-M, 2020 WL 2772767, at *3 (E.D.N.C. May 28, 2020) ("The Fourth Circuit recognized that declaratory judgment actions to determine a duty to indemnify prior to the resolution of an insured's liability risk being both premature and notional.")); *see also Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 200 (4th Cir. 2019) ("[S]uits about the duty to indemnify—unlike the duty-to-defend suits—would ordinarily be advisory when the insured's liability remains undetermined."). Federal courts in North Carolina routinely grant stays on the issue of duty to indemnify pending resolution of the underlying action to determine liability. *See, e.g., Hanover Ins. Co. v. Blue Ridge Prop. Mgmt., LLC*, 490 F. Supp. 3d 904, 915 (M.D.N.C. 2020) (staying a duty to indemnify claim because it was unripe where the underlying tort case was still pending); *Nationwide Mut. Ins. Co. v. Creasman*, No. 5:18-CV-384-FL, 2019 WL 1586753, at *8 (E.D.N.C. Apr. 12, 2019) (allowing motion to stay declaratory judgment action to determine the issue of duty to indemnify because the determination of liability in state court must be made prior to the determination of whether the plaintiffs have a duty to indemnify), *appeal dismissed,* No. 19-1510, 2019 WL 5884998 (4th Cir. Aug. 21, 2019); *Westfield Ins. Co. v. Weaver Cooke Constr., LLC*, No. 4:15-CV-169-BR, 2017 WL 818260, at *3 (E.D.N.C. Mar. 1, 2017) ("It is in the interest

4

of judicial economy to await resolution of the relevant factual issues in the bankruptcy court before making a determination of all the insurers' indemnity obligations."). The interests of judicial economy and efficient use of the parties' resources weigh in favor of staying this action with respect to Church Mutual's duty to indemnify claim, and it is not apparent how a stay of the duty to indemnify claim would prejudice the Lake Pointe or Resident Defendants. *See Those Certain Underwriters at Lloyd's, London v. Med. Fusion, LLC*, No. 1:20-CV-00041-MR-DCK, 2020 WL 6050576, at *3 (W.D.N.C. Oct. 13, 2020) ("[R]ather than have the parties continue to litigate what may be a moot issue and what is already being litigated in another court, the Court will stay Lloyd's London's duty to indemnify claim."). Accordingly, the motion to stay is allowed as to the duty to indemnify claim.

There appears to be unanimity among the parties that proceeding on discovery with respect to "coverage issues" would be beneficial. Church Mutual conceded such discovery "could help facilitate resolution of both this declaratory judgment action and the Underlying Lawsuit." Pl.'s Mem. [DE-43] at 7. The Resident Defendants argued for a denial of the motion to stay "at least as to issues bearing on insurance coverage" and concurred with Church Mutual that coverage issues impact both this case and the Underlying Lawsuit, Resident Defs.' Mem. [DE-54] at 4, and the Lake Pointe Defendants opposed any stay, Lake Pointe Defs.' Mem. [DE-53] at 5–6. Church Mutual identifies three "coverage issues" as appropriate for discovery: (1) who made a claim during the policy period of the insurance policies issued by Church Mutual to Lake Pointe so as to be potentially eligible for coverage, (2) the availability of an extended reporting period under the Professional Liability Coverage, and (3) the total applicable limit of liability potentially available under the insurance policies. Pl.'s Mem. [DE-43] at 7. The Resident Defendants assert that discovery should proceed on "any issue that bears on insurance coverage." Resident Defs.' Mem.

5

[DE-54] at 4. The court will allow discovery to proceed on "coverage issues" and declines at this time to limit the definition of "coverage issues" to the three issues proposed by Church Mutual. To the extent a dispute arises regarding the scope of discovery with respect to "coverage issues" that the parties cannot resolve, they can seek court intervention through a proper motion.

Finally, the court will allow discovery to proceed on the Lake Pointe Defendants' counterclaims against Church Mutual for breach of contract, unfair claims practices/trade practices, and breach of the covenant of good faith. The court agrees with the Lake Pointe Defendants that Church Mutual's concerns regarding its protected information can be addressed through assertions of privilege, a protective order, or redaction; the counterclaims regarding Church Mutual's claims handling are not directly reliant upon the resolution of factual issues in the Underlying Lawsuit or the indemnity issue; and further delay in discovery on the counterclaims may negatively impact the discoverability of information to the prejudice of the Lake Pointe Defendants. *See Westfield Ins. Co.*, 2017 WL 818260, at *3 (staying the action in part as to the duty to indemnify claim but allowing the action to proceed on the duty to defend, coverage issues, and cross-claims related to the insurer's claim handling, which the court found "strikes a fair balance between avoiding duplication of efforts (and possible contradictory findings) and alleviating some prejudice to the non-movants resulting from the delay of this litigation."). Accordingly, the balance of factors weighs in favor of allowing discovery to proceed on the counterclaims.

### III. Conclusion

For the reasons stated herein, the motion to stay is allowed in part and denied in part. Discovery is stayed on the duty to indemnify claim pending resolution of the Underlying Lawsuit. The parties shall file a status report within twenty-one days of resolution of the Underlying Lawsuit

to include, if necessary, a proposed schedule of how to proceed on any remaining claims. Discovery may proceed at this time on the coverage issues and the counterclaims.

SO ORDERED, the 5th day of May, 2021.

                                                 Robert B. Jones, Jr.
                                                 United States Magistrate Judge