IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
CASE NO. 4:20-CV-00055-M

CHURCH MUTUAL INSURANCE )
COMPANY, )
                    Plaintiff, )
 )
v. ) **ORDER**
 )
LAKE POINTE ASSISTED LIVING, INC. )
*et al.*, )
                    Defendants. )

This matter is before the court on Plaintiff Church Mutual Insurance Company's Motion Under Fed. R. Civ. P. 54(b) to Certify Order as Final and Under 28 U.S.C. § 1292(b) to Certify Order as Appealable [DE-46]. Specifically, Plaintiff seeks appellate review of this court's determination that pursuant to a professional-liability insurance policy, Plaintiff has a duty to defend the Lake Pointe Defendants in the Underlying Lawsuit brought by the Resident Defendants in Craven County Superior Court. For the reasons that follow, the motion will be granted.

"When an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Penn-Am. Ins. Co. v. Mapp*, 521 F.3d 290, 296 (4th Cir. 2008) ("Such a Rule 54(b) certification is, of course, appropriate only where the district court, in its discretion, determines that one or more but fewer than all claims are final, and that there is no just reason to delay an appeal."). "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants

certification." *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993) (citation omitted).

Five factors guide the district court's determination of whether there is no just reason for delay in the entry of judgment. *Id.* at 1335-36. The court is to examine the relationship between the adjudicated and unadjudicated claims; the possibility that the need for review might or might not be mooted by future developments in the district court; the possibility that the reviewing court might be obliged to consider the same issue a second time; the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and finally miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, and expense. *Id.*

Certification pursuant to Rule 54(b) is disfavored in the Fourth Circuit. *Lyles v. Popkin*, 36 F.3d 1093, 1093 (4th Cir. 1994) (unpublished table disposition citing *Braswell*, 2 F.3d at 1335). However, the Fourth Circuit has reviewed declaratory rulings concerning an insurer's duty to defend pursuant to the rule. *See Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631 (4th Cir. 2005) (exercising jurisdiction based on a Rule-54(b) determination and reversing ruling against the insurer on the duty-to-defend issue); *see also Penn-Am.*, 521 F.3d at 296 (suggesting that the court would have had jurisdiction to hear an appeal of a duty-to-defend issue had the insurer sought or the district court independently made a Rule-54(b) determination); *Affinity Living Grp., LLC v. StarStone Specialty Ins. Co.*, 959 F.3d 634, 644 (4th Cir. 2020) (King, J., dissenting) (suggesting the same). In addition, this court has concluded on another occasion that a duty-to-defend determination in the insurance context should be certified as final pursuant to the same rule. *Peace College of Raleigh, Inc. v. Am. Int'l Specialty Lines Ins. Co.*, No. 5:09–CV–479–FL, 2010 WL 3743539, at *10-11 (E.D.N.C. Sept. 16, 2010).

Here, the court finds that Plaintiff has met its burden in demonstrating that both of the Rule 54(b) elements are satisfied. First, the judgment is final as to the claim that Plaintiff has a duty to defend the Lake Pointe Defendants in the Underlying Lawsuit. The court determined that Plaintiff owes the Lake Pointe Defendants a defense based on a provision of the policy that provides coverage for professional health care incidents stemming from the failure to comply with any right of a resident under any state or federal law regulating the facility as a resident health care facility. Order, DE-36 at 15-18.

Second, the court finds there to be no just reason for delay. Though Defendants oppose certification pursuant to Rule 54(b), their arguments focus on the timing of the motion and the fact that other claims remain outstanding. *See generally* DE-58 at 5-6 (raising the contention that the motion was filed in response to a Scheduling Order directing discovery to proceed on the counterclaims and that certification would be improper while counterclaims are pending); DE-59 (concurring in the response at DE-58). While the timing of the motion's filing suggests that the avoidance of discovery may be a motive, there is no explicit time limit for Rule-54(b) motions. In addition, Lake Pointe Defendants' counterclaims hinge on finality of the duty-to-defend issue: an appellate ruling reversing this court's finding of a duty to defend would end this coverage case, mooting counterclaims for breach of contract, unfair claims practices/trade practices, and breach of the covenant of good faith stemming from Plaintiff's failure to carry out its obligations under the policy. *See, e.g., Affinity*, 959 F.3d at 638 ("Without a contractual duty to provide coverage, StarStone cannot breach the covenant of good faith and fair dealing. The same is true under the North Carolina Unfair and Deceptive Trade Practices Act.") (citations omitted). On the other hand, a decision affirming this court's ruling will result in a definitive finding that the Lake Pointe Defendants be furnished a defense in the Underlying Lawsuit and may propel that matter to swift

resolution. In either case, the question of indemnity cannot be resolved by this court or on appeal unless and until there is a recovery by the Resident Defendants in the Underlying Suit and the theory of recovery tested against the available coverage. If and when that occurs, the Fourth Circuit would not be called upon to reexamine its duty-to-defend determination at that juncture. The court has considered the relationship between the adjudicated and unadjudicated claims, the possibility that the unadjudicated claims might be mooted by future developments on appeal, that the reviewing court would not be obliged to consider the same issue a second time, and that the interests of judicial economy favor certification.

The court, finding that its ruling as to the duty to defend under the Policy is final and that there is no just reason for delay, GRANTS Plaintiff's motion [DE-46], and ORDERS that its decisions granting in part and denying in part Plaintiff's Motion for Judgment on the Pleadings at Docket Entry 36 be entered as a final judgment pursuant to Rule 54(b). The separate claims for indemnity, breach of contract, unfair claims practices/trade practices, and breach of the covenant of good faith stemming from Plaintiff's failure to carry out its obligations under the policy are STAYED pending consideration of an appeal of the Order [DE-36] by the United States Court of Appeals for the Fourth Circuit. The Clerk of Court is DIRECTED to send a copy of this order and the order at Docket Entry 36 to the Clerk of the Circuit Court of Appeals for the Fourth Circuit.

SO ORDERED this the 26th day of May, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

4